**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHINGLE SPRINGS BAND OF MIWOK INDIANS,

        Plaintiff - Appellee,

v.

CESAR CABALLERO,

        Defendant - Appellant.

No. 13-15411

D.C. No. 2:08-cv-03133-JAM-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted September 1, 2015
San Francisco, California

Before: GRABER and WATFORD, Circuit Judges, and FRIEDMAN,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

**1.** Plaintiff-Appellee Shingle Springs Band of Miwok Indians ("the Tribe") alleges that Cesar Caballero infringed various trademarks related to the Tribe and a casino it owns and operates, the Red Hawk Casino, in violation of the Lanham Act, the California Business and Professions Code, and common law, and that Caballero cybersquatted on related domain names. The district court granted summary judgment to the Tribe on those claims and permanently enjoined Caballero from using the marks in any way. Caballero appeals the district court's judgment.

The trademarks allegedly infringed by Caballero fall into two categories: (1) marks related to the Tribe and its Rancheria (the "Tribal Marks"); and (2) the "Red Hawk Casino Mark." The latter mark is registered with the United States Patent and Trademark Office; the Tribal Marks are not.

**2.** We have jurisdiction over Caballero's appeal pursuant to 28 U.S.C. § 1291, and review the district court's grant of summary judgment de novo. *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1059 (9th Cir. 2012). To obtain summary judgment, the moving party — in this case the Tribe — has the burden of establishing the absence of any genuine dispute of material fact and its entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). An issue of material fact is genuine "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). We reverse and remand for further proceedings.[1]

**3.** For both the unregistered Tribal Marks and the registered Red Hawk Casino Mark, under the Lanham Act, the Tribe must show that Caballero used the marks "in connection with . . . goods or services" to establish infringement. 15 U.S.C. § 1125(a)(1) (unregistered marks); 15 U.S.C. § 1114(1)(a) (registered marks) (requiring "use in commerce . . . in connection with the sale, offering for sale, distribution, or advertising of any goods or services"). The Tribe primarily points to the following evidence to demonstrate that Caballero used the Tribal Marks in connection with a good or service: (1) Caballero's statements at a deposition that his rival tribe provides "association services," "welfare services," "employment services," and "special event services"; and (2) Caballero's website,

---

[1] We decline to consider Caballero's argument that the Tribal Marks are invalid because they identify an ethnic group, nor do we consider his related contention that the Tribe's trademark claims hinge on a determination of its "legitimacy" as the federally recognized tribe. These arguments were not sufficiently developed before the district court nor squarely raised on appeal. In any event, we need not address them because we conclude that the Tribe failed to meet its burden on summary judgment.

3

www.shinglespringsreservation.com, which provided an email address under the heading "Enrollment Questions."

This evidence fails to carry the Tribe's burden on summary judgment. There is insufficient evidence in the record to prove that Caballero offered "association services" within the meaning of the Lanham Act. Caballero's own vague and conclusory statements are insufficient to establish that Caballero or his tribe provided or offered any services. The only remaining factual support for the Tribe's allegations is a snapshot of Caballero's website depicting a contact email address for those with "Enrollment Questions," which, standing on its own, does not support the grant of summary judgment. Even if the "Enrollment Questions" heading on his website could be construed as constituting an offer of membership — what Caballero refers to as "association services" — solicitation of members in and of itself is insufficient to constitute an offer of a service without evidence as to what those prospective members would be joining. As to the Red Hawk Casino Mark, the Tribe has failed to present any evidence that Caballero used the mark in connection with a good or service. On the present record, no reasonable jury could conclude that Caballero offered or provided any service in connection with his use

of either the Tribal Marks or the Red Hawk Casino Mark.[2]

**4.** The Tribe also is not entitled to summary judgment on the cybersquatting claims. To establish liability under the Anti-Cybersquatting Consumer Protection Act, the Tribe must show that, by registering, trafficking in, or using a domain name identical or confusingly similar to a protected mark, 15 U.S.C. § 1125(d)(1)(A)(ii), Caballero acted with "bad faith intent to profit from that mark," 15 U.S.C. § 1125(d)(1)(A)(i); *see DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1218-19 (9th Cir. 2010). "The 'intent to profit' . . . means simply the intent to get money or other valuable consideration," *id*. at 1221, and may include using the domain name "to get leverage in a business dispute," *id*. at 1219. There is no evidence in the record — not even in Caballero's brief exchange with the Tribe's counsel at his deposition — that Caballero intended to profit by using the domain

---

[2] Because the parties agree that the Tribe's state law claims follow directly from its federal claims, we also reverse the district court's grant of summary judgment to the Tribe on its state law claims. *See Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1180 n.1 (9th Cir. 2013) (We have "consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act.") (quoting *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994)); *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (California state law trademark infringement claims "are subject to the same test" as federal claims under the Lanham Act); *Mallard Creek Indus., Inc. v. Morgan*, 56 Cal. App. 4th 426, 435 (Cal. Ct. App. 1997).

names involving the Tribal Marks or the domain names involving the Red Hawk Casino Mark, either in the traditional sense or as exerting pressure on the Tribe to gain an advantage in a business dispute. The Tribe therefore has failed to provide sufficient evidence on this statutory element of its claims for cybersquatting.[3]

Whether the parties may be permitted to supplement the record and file additional motions for summary judgment, as to both the trademark and cybersquatting claims, are matters that we leave to the district court's discretion on remand.

**REVERSED AND REMANDED.**

---

[3]  Because we conclude that the Tribe has failed to show evidence of bad faith intent to profit, we do not reach the question with respect to a separate requisite statutory element: whether the domain names at issue were "identical or confusingly similar to a protected mark owned by the plaintiff." *DSPT Int'l, Inc.*, 624 F.3d at 1218-19.

6

<u>Shingle Springs Band of Miwok Indians v. Caballero</u>, No. 13-15411

GRABER, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the district court erred in granting summary judgment to Plaintiff on the claims related to the Red Hawk Casino Mark. Accordingly, I concur in that part of the judgment. But I disagree with the majority as to the claims related to the Tribal Marks. I would affirm as to those claims. Accordingly, I dissent from that part of the judgment.

Summary judgment for the Tribe is appropriate on the trademark claim with respect to the Tribal Marks. Defendant has registered for a fictitious business name in the Tribe's name, leading to a proof of publication that he was doing business under the Tribe's name; he received a business license in the Tribe's name; he opened bank accounts in the Tribe's name; he received an employer identification number from the IRS in the Tribe's name; he registered domain names using variations on the Tribe's name; he criminally attempted to divert the Tribe's mail to his own address; he called a Berkeley museum about efforts by the Tribe to repatriate tribal artifacts; he represented himself as "the chief of the Shingle Springs Band of Miwok Indians" and told the museum's repatriation coordinator not to continue her contacts with the Tribe; and his website invites visitors to email him with any "Enrollment Questions." In my view, those actions—the fact of which are not disputed by Defendant—are highly likely to

cause confusion because governmental entities and members of the public would be confused about whether Defendant represents the federally recognized tribe. See Comm. for Idaho's High Desert, Inc. v. Yost (CIHD), 92 F.3d 814, 823 (9th Cir. 1996) ("The acts that the individual appellants performed included the formation of the appellant corporation under the name 'Committee for Idaho's High Desert, Inc.' and Hoffman's testimony—under the title of president of CIHD, with the intent 'to add to his credibility as an environmentalist'—at a U.S. Air Force hearing in favor of an air force training range in southern Idaho. . . . [T]hese acts would be sufficient to render the individual appellants liable under [the Lanham Act] for using in commerce, in connection with services, a name which is likely to confuse." (emphasis added) (citations omitted)).

For related reasons, summary judgment for the Tribe also is appropriate on the cybersquatting claim with respect to the Tribal Marks. See 15 U.S.C. § 1125(d)(1)(B)(i)(V) (permitting a court to consider, when determining bad faith, "the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site" (emphasis added)).

In summary, I would affirm the district court's grant of summary judgment on the claims related to the Tribal Marks and reverse the district court's grant of

2

summary judgment on the claims related to the Red Hawk Casino Mark.  I

therefore concur in part and dissent in part.