NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHINGLE SPRINGS BAND OF MIWOK INDIANS,

Plaintiff-Appellee,

v.

CESAR CABALLERO,

Defendant-Appellant.

No.    20-16785

D.C. No.
2:08-cv-03133-KJM-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted October 20, 2021[**]
San Francisco, California

Before:  WATFORD and HURWITZ, Circuit Judges, and BAKER,[***] International Trade Judge.

The  Shingle  Springs  Band  of  Miwok  Indians  (the  "Band")  sued  Cesar

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Caballero, alleging that he had misappropriated the Band's name for his own purposes, in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and California law. The district court dismissed Caballero's counterclaims and denied a Rule 59(e) motion. We affirm.

1. Caballero's counterclaims were premised on the contention that the Band had been improperly recognized by the federal government. The district court correctly dismissed the counterclaims as presenting a nonjusticiable political question. *See United States v. Holliday*, 70 U.S. 407, 419 (1865); *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1276 (9th Cir. 2004).

2. Cabellero's Rule 59(e) motion claimed that newly discovered evidence would overcome "the nonjusticiable political question rule." This evidence consisted of an exchange between Caballero and a superintendent from a regional office of the Bureau of Indian Affairs, who explained that the regional office could not act on Caballero's request to recognize his group instead of the Band and referred him to another branch of the Department of the Interior. Even assuming it was newly discovered, this evidence does not affect the settled notion that tribal recognition is reserved to the executive branch or Congress, not the courts. *See Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1215 (9th Cir. 2019).

3. The district court held Caballero in civil contempt first for violating a preliminary injunction and later for violating a permanent injunction. Caballero claims that the contempt citations must fall because we later reversed the summary judgment on which the permanent injunction was based, *see Shingle Springs Band of Miwok Indians v. Caballero*, 630 F. App'x 708 (9th Cir. 2015), and the Band declined to pursue further injunctive relief on remand. But this argument does not excuse his disobedience of the preliminary injunction, which was affirmed on direct appeal. *See Shingle Springs Band of Miwok Indians v. Caballero*, 424 F. App'x 696 (9th Cir. 2011). And, after being cited for contempt for disobeying the permanent injunction, Caballero filed a compliance report and was never sanctioned. His compliance with the contempt order renders the appeal moot. *See Davies v. Grossmont Union High Sch. Dist.*, 930 F.2d 1390, 1394 (9th Cir. 1991).[1]

**AFFIRMED.**

---

[1] Caballero's motion to take judicial notice is **GRANTED**. The Band's motion to take judicial notice is **GRANTED**.